## CHARLESTON & WESTERN CAROLINA RY. CO. v. COBB.

1. The petition was not demurrable.
2. Where one ground of negligence is alleged to be the violation of a rule promulgated by the company, and parol evidence is offered to show the existence of such rule as applicable to all employees, it is not error to refuse to exclude such evidence on the ground that one of the witnesses, though testifying generally as to the rule, may have said in one part of his testimony that such rule was for the protection of a class of employees to which the plaintiff did not belong.
3. The verdict is supported by the evidence, and none of the assignments of error require a new trial.

JUNE 14, 1913.

Action for damages. Before Judge Hammond. Richmond superior court. February 28, 1912.

*W. K. Miller,* for plaintiff in error. *A. L. Franklin,* contra.

Evans, P. J. 1. The case made by the petition is, that the plaintiff, employed by the defendant railroad company as a car-greaser, whose duty required him to help in making slight repairs to cars placed on a track alongside of the Central Railway Company depot, while under a car "placed" on the track at such depot, engaged in the performance of his duty and without fault on his part, was injured by the sudden, violent, and negligent shifting of a switching-engine moving heavily laden cars against the car under which the plaintiff was working. It was alleged that the defendant was negligent in moving the switching-engine on the track where the "placed cars" were standing, and against them, without giving him warning, when the agent of the company in charge of the engine knew, or in the exercise of ordinary care could have known, that the plaintiff was working under one of the "placed" cars. It was further alleged that the company was negligent in the violation of a rule of the company providing that cars "placed" on a depot track should not be moved without giving notice, and that the injury was the proximate result of the violation of this rule. The court overruled a demurrer to the petition, and we think the foregoing general statement makes it clear that his honor was right.

2. The plaintiff testified that he was informed by the chief yard inspector that the rules of the company forbade the switching of cars on the depot track, that he was performing his work according to the general directions which he had followed for four or five years, and that he had never seen cars switched on the depot track during that period. He offered a witness who testified that there was a rule of the company that when cars were placed on the depot track, they should not be moved without first notifying the men on the platform, "so they could pick up the boards and get out of the way." He also testified that it was against the rules of the company to move cars "placed" on the depot track. A motion was made to exclude all testimony relating to the rule, because such rule was promulgated for the protection of truckers or warehouse employees engaged in loading and unloading cars, and not for the protection of car-greasers. The motion was denied. No objection

was made to the parol proof of the rule, nor did it appear that the rule was in writing. The plaintiff had alleged the existence of the rule, and testified that the chief inspector of the yards had promulgated it to him. The rule which the inspector promulgated to the plaintiff did not limit its application to truckers or warehousemen or to any particular class of employees, according to his testimony. While the other witness referred to the rule as requiring a warning to the men on the platform, yet in another place in his testimony he gave the rule as contended by the plaintiff, without any limitation. If the rule was a written one, the defendant could have required the production of the writing, and objected to verbal proof of it. But it raised no objection to the mode of proof, and the testimony of the witness tended to establish a rule applicable to all employees; and there was no error in refusing to exclude the testimony on the ground stated.

3. We think that the verdict is supported by the evidence, and that none of the assignments of error require a new trial.

*Judgment affirmed. All the Justices concur.*